DECISION AND JUDGMENT ENTRY
{¶ 1} Ronald Copp, Jr. ("Appellant") appeals the judgment of the Ross County Court of Common Pleas finding him guilty of retaliation in violation of RC. 2921.05. The Appellant contends that his conviction is against the manifest weight of the evidence and that he was afforded ineffective assistance by his trial counsel. Because we find that the State ("Appellee") presented substantial evidence upon which the jury could reasonably conclude that all essential elements of the offense were established beyond a *Page 2 
reasonable doubt, and the Appellant's trial counsel's performance was not deficient, we affirm the judgment of the trial court.
 I. Facts. {¶ 2} On September 27, 2006, Sergeant Large of the Ross County Sheriffs Department was dispatched to a crime scene where the Appellant and three women were involved in a physical altercation. After arriving at the scene, Sergeant Large interviewed the women and arrested the Appellant for two counts of assault. Sergeant Large placed the Appellant in the back of his cruiser. While in custody, the Appellant became uncooperative with Sergeant Large. Sergeant Large accused the Appellant of making threats against him, his wife, and his children. Corporal Lauer overheard the Appellant making these threats to Sergeant Large and after the Appellant levied the threats against Sergeant Large and his family, he was placed in jail.
 {¶ 3} On November 3, 2006, the Appellant was indicted on one count of retaliation. He entered a plea of not guilty to the charge at his arraignment. Trial on the matter commenced on February 12, 2007, and the jury found him guilty of retaliation in violation of R.C. 2921.05. He was sentenced to serve four years in prison. The Appellant now appeals his conviction, asserting the following assignments of error: *Page 3 
 {¶ 4} 1. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 5} 2. TRIAL COUNSEL'S FAILURE TO ELICIT FURTHER TESTIMONY FROM THE STATE'S MAIN WITNESS DEPRIVED APPELLANT OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 II. {¶ 6} In his first assignment of error, the Appellant argues his conviction for retaliation was not supported by the manifest weight of the evidence. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction."State v. Getsy (1998), 84 Ohio St.3d 180, 193, 702 NE.2d 866. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve.State v. Thomas (1982), 70 Ohio St.2d 79, 80, 434 NE.2d 1356; State v.DeHass (1967), 10 Ohio St.2d 230, 227 NE.2d 212, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. *Page 4 Thomphns (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169,383 N.E.2d 132, syllabus.
 {¶ 7} At trial, Sergeant Large testified that after he placed the Appellant under arrest and placed him in his cruiser, the Appellant specifically threatened to kill him and his wife. Sergeant Large testified that the Appellant told him he should be worried about his children. He also testified that the Appellant told him he knew where Sergeant Large and his family lived, and named the neighborhood. He further testified that the Appellant made these threats repeatedly from the time of his arrest to his booking.
 {¶ 8} Another law enforcement official, Corporal Lauer, who was present during booking, also testified that the Appellant made threatening statements to Sergeant Large. He testified that once Sergeant Large and the Appellant arrived at the law enforcement complex, the Appellant yelled at Sergeant Large, saying that he would kill Sergeant Large, his wife, and his family. Corporal Lauer also testified that the Appellant told Sergeant Large that he knew where he lived, and he named the neighborhood. Additionally, *Page 5 
a disinterested eyewitness, who was familiar with the Appellant, testified that she heard the Appellant make threats against Sergeant Large, as well as threaten to kill his wife and family, during the course of his arrest. From this evidence, we conclude that the Appellee presented substantial evidence upon which the jury could reasonably conclude that all the essential elements of the offense, retaliation, had been established beyond a reasonable doubt. Here, Appellant's sole attack is based on witness credibility and because there is no manifest miscarriage of justice, we will not second guess the jury in that regard. Accordingly, the Appellant's conviction was not against the manifest weight of the evidence. The Appellant's first assignment of error is hereby overruled.
 III. {¶ 9} In his second assignment of error, the Appellant argues that his trial counsel's failure to elicit specific testimony from the Appellee's main witness deprived him of his right to the effective assistance of counsel. In order to demonstrate ineffective assistance of counsel, an appellant must meet two requirements. First, an appellant must demonstrate that counsel's performance was deficient by showing that counsel committed errors so serious that he or she was not, in effect, functioning as counsel. Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052. Second, *Page 6 
Appellant must demonstrate that these errors prejudiced his defense. Id. In order to prove that counsel's deficient performance prejudiced Appellant's defense, Appellant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, 538 N.E.2d 373. Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See Strickland, supra, at 689. Further, debatable trial tactics do not constitute ineffective assistance of counsel. SeeState v. McNeill (1998), 83 Ohio St.3d 438, 449, 700 N.E.2d 596.
 {¶ 10} The Appellant claims he was deprived of his right to the effective assistance of counsel because his trial counsel failed to elicit sufficient testimony from Sergeant Large regarding his previous arrest of the Appellant. Specifically, the Appellant claims that trial counsel failed to ask Sergeant Large about the resolution of the Appellant's previous arrest and case. The Appellant asserts that such information would have shown bias on the part of Sergeant Large.
 {¶ 11} Contrary to the Appellant's assertions, his trial counsel cross-examined Sergeant Large at length, specifically asking him about the Appellant's prior arrest. Trial counsel asked Sergeant Large twice about the *Page 7 
outcome of his arrest of the Appellant. Each time, Sergeant Large explained, "I don't remember." He described that during the prior arrest, he "placed [the Appellant] in the back of the cruiser and I fell into the cruiser also. Struggling inside the cruiser occurred and I was struck in the mouth and received four stitches in my mouth." Trial counsel also questioned Sergeant Large about any potential bias he might have against the Appellant, asking: "It was nothing that * * * from some prior situation between you and him that would cause you to feel more intimidated or less — because of — of your contact with him from previous[?]" Sergeant Large responded "No" to counsel's question. In light of trial counsel's questioning of Sergeant Large at length regarding his potential bias against the Appellant, we find that the Appellant has not met his burden under the first prong ofStrickland to demonstrate that counsel's performance was deficient. His second assignment of error is therefore overruled.
 {¶ 12} In our view of the record, the manifest weight of the evidence supports the Appellant's conviction for retaliation in violation of R.C.2921.05. Likewise, we find that the Appellant's trial counsel's performance was not in any way deficient. Accordingly, we overrule the Appellant's assigned errors and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion as to Assignment of Error II and Concurs in Judgment Only as to Assignment of Error I. *Page 1